U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MICHAEL DEWAYNE TAYLOR                  CIVIL ACTION NO. 08-0335
    La. DOC #116065
VS.                                     SECTION P

                                        JUDGE TRIMBLE

LOUISIANA DEPT. OF CORRECTIONS, ET AL   MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Michael Dewayne Taylor is an inmate in the custody of
Louisiana's Department of Public Safety and Corrections (LDOC).
He is incarcerated at the LaSalle Corrections Center, Olla,
Louisiana where he is serving a 20-year sentence imposed by the
First Judicial District Court, Caddo Parish following his 1999
conviction on a charge of aggravated battery and his adjudication
as a second felony offender. On March 5, 2008 he filed a *pro se*
pleading alleging a violation of his civil rights by the LDOC,
who, he claims, erroneously calculated his parole eligibility
date when they determined that he was a fourth felony offender.
[rec. doc. 1]

On March 20, 2008 he filed a civil rights complaint pursuant
to 42 U.S.C. §1983 which alleged that the LDOC erroneously or
unlawfully changed his offender status from Second Offender to
Fourth Offender thus eliminating the possibility of parole
eligibility; he prayed for reinstatement of the sentence

originally imposed thus providing parole eligibility after ten years. [rec. doc. 3] On March 25, 2008 he was permitted to litigate this claim *in forma pauperis*. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### Statement of the Case

On March 22, 1999 plaintiff pled guilty to one count of aggravated battery pursuant to a plea bargain. The plea agreement was articulated by the prosecutor as follows, "Your Honor, it's the State's understanding the Defendant wishes to plead guilty to one count of aggravated battery. The agreement on this is the State will file a second Habitual Offender Bill with an agreed sentence of 20 years at hard labor, which is the maximum on the second Habitual Felony Offender Bill." [rec. doc. 1-3, p. 4] The State also agreed to dismiss other outstanding or pending charges including a charge of being a felon in possession of a firearm. [rec. doc. 1-3, p. 5] The understanding was again articulated by the court as follows, "Now my understanding is that there is still an agreement as to what kind of Habitual Offender Bill you are going to file, and the agreement was that you would only file a second felony offender Bill... With the understanding that he

will get the maximum of 20 years as part of that... My understanding is you could have charged him with a fourth felony offender, but you plan to charge him only on the ... third felony offender, crime of violence... You are not going to do that, but you are going to charge him on the amount dealing with the 20 years rather than life imprisonment." [rec. doc. 1-3, pp. 10-12] The defendant, his attorney, and the prosecutor all concurred in the nature and terms of the plea agreement. [*Id.*]

On March 29, 1999 the plaintiff returned to court and was arraigned on the habitual offender bill charging him as a second felony offender. He admitted to that status and was adjudicated a second felony offender and sentenced to the agreed upon sentence of 20-years. [rec. doc. 1-3, pp. 15-16] The court again advised, "Now, do you understand that we have an agreement in this matter, and that the agreement is that you will receive a sentence of 20-years at hard labor and that no other charges will be filed against you." To which plaintiff indicated his agreement. [rec. doc. 1-3, p. 18]

Plaintiff began serving his sentence in the custody of the LDOC. At some point he became aware that the LDOC had classified him as a fourth felony offender, which, according to plaintiff, made him ineligible for parole. He apparently filed an Administrative Remedies Procedure Grievance which was designated HDQ 2005-4598. According to plaintiff, he wrote his grievance

Page 3

directly to Ms. Linda Ramsey at LDOC headquarters but no action was taken on his time computation claim.

Plaintiff filed a Motion to Correct an Illegal Sentence in the First Judicial District Court in September 2007. On December 7, 2007 plaintiff filed a petition for writ of mandamus asking the Second Circuit Court of Appeals to order the District Court to act on his Motion. On December 28, 2007 the Second Circuit ordered the First Judicial District Court to act, if it had not already done so, on plaintiff's Motion. State of Louisiana v. Michael D. Taylor, No. 43220-KH (La. App. 2 Cir. 12/28/2007). [See rec. doc. 1-3, p. 24]

On March 2, 2008 plaintiff filed his *pro se* hand-written complaint in this court. [rec. doc. 1] In the original complaint he alleged, "The State Department of Justice for the State of Louisiana has agreed to a plea agreement and placed me in the custody of the Dept. of Corrections. Since my incarceration, the Dept. of Corrections has personally changed the Court's decision in the sentencing agreement, and is attempting to impose its own justice." He argued that he pled guilty and was sentenced as a second offender in accordance with a plea agreement; he claimed that his plea "... was taken with the understanding that the State would not further enhance my sentence or my offender class, in order that I may be eligible for parole at one-half of my sentence..." He claimed that it was for this "possibility" of

Page 4

parole after serving 10 years that he accepted the plea agreement. He claimed that the LDOC has ignored the terms of the plea agreement and classified him as a fourth felony offender thus depriving him of the possibility of parole. In conclusion, he merely asked the court to "...inquire as to th[is] injustice..." [rec. doc. 1]

In the amended complaint he complained that the LDOC "... changed my offender class from a 2nd offender (as agreed by the sentencing court) to a 4th offender, thereby breaking the terms of my plea agreement and eliminating the possibility of parole eligibility after 10 years..." He asked the court to "... reinstate the sentence that was originally imposed – a 2nd offender with parole eligibility after 10 years." [rec. doc. 3]

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or

in fact.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see,
Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118
L.Ed.2d 340 (1992). A civil rights complaint fails to state a
claim upon which relief can be granted if  it appears that no
relief could be granted under any set of facts that could be
proven consistent with the allegations of the complaint. Of
course, in making this determination, the court must assume that
all of the plaintiff's factual allegations are true. Bradley v.
Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint.
Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A
district court may dismiss a prisoner's civil rights complaint as
frivolous based upon the complaint and exhibits alone. Green v.
McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints
liberally, but, they are given broad discretion in determining
when such complaints are frivolous. Macias v. Raul A. (Unknown)
Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with
specific facts demonstrating a constitutional deprivation and may
not simply rely on conclusory allegations. Schultea v. Wood, 47
F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is
bound by the allegations in a plaintiff's complaint and is "not
free to speculate that the plaintiff 'might' be able to state a

claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

## 2. *Civil Rights or Habeas Corpus?*

A prisoner may not utilize a civil rights action filed pursuant to 42 U.S.C. §1983 to challenge the fact or duration of his confinement or to obtain his immediate or speedier release from confinement. Such relief may only be obtained through the writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 or §2254. See Preiser v. Rodriquez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36

L.Ed.2d 439 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Nevertheless, prisoners who seek review of the procedures used to determine parole eligibility, may do so through a civil rights complaint filed pursuant to §1983, since success would not necessarily translate into an immediate release or even a shorter stay in prison and, at most would provide the prisoner with a new determination of whether he is eligible for parole consideration. See Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

In order to succeed in a complaint filed pursuant to 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See Hessbrook v. Lennon, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the LDOC deprived him of parole eligibility when they classified him as a third or fourth offender. Plaintiff has not alleged the violation of a right guaranteed by the United States Constitution. Read liberally, plaintiff implies that the LDOC's classification of him as a third or fourth offender is

violative of due process. However, such a claim is simply not factually accurate.

Plaintiff's eligibility for parole is controlled by the provisions of La. R.S.15:574.4(A)(1) which provides in pertinent part:

> [A] person, otherwise eligible for parole ... upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed. A person convicted of a third or subsequent felony offense shall not be eligible for parole.

Plaintiff argues that he should be considered a second felony offender and thus eligible for parole after serving one-half of his twenty year sentence. He implies that the LDOC is bound by the classification established upon conviction.

In Townley v. Department of Public Safety and Corrections, 96-1940 (La. 11/1/96), 681 So.2d 951, the Louisiana Supreme Court reviewed a complaint identical to the complaint raised herein. In that case, the plaintiff had been convicted of simple escape and then adjudicated a third felony offender based in part on some felony convictions that were pending on appeal. He appealed his adjudication to Louisiana's Third Circuit Court of Appeals which set aside his adjudication as a third offender and found him to be a second offender instead. Nevertheless, Townley, like the plaintiff herein, was classified as a third felony offender by the LDOC and thus denied parole eligibility under La. R.S.15:574.4(A)(1). He sought administrative and then judicial

Page 9

review of his classification. The Nineteenth Judicial District
Court (which, under Louisiana law, see La. R.S.15:571.15, has
jurisdiction to consider complaints concerning parole
eligibility) rejected his contention that the LDOC was bound by
the Third Circuit's adjudication of him as a second felony
offender. The First Circuit Court of Appeals (which has
supervisory jurisdiction over the Nineteenth Judicial District
Court) reversed finding that the LDOC was bound by an offender's
classification under the Habitual Offender Law, La.R.S. 15:529.1,
when determining parole eligibility under La.R.S. 15:574.4. On
the LDOC's application for writs, the Supreme Court reversed and
held "...the Department is not bound by the district court's
adjudication of Townley's habitual offender status under La.R.S.
15:529.1 when the Department is making its calculations to
determine parole eligibility under La.R.S. 15:574.4." Townley,
681 So.2d at 953.

Plaintiff does not deny the fact that he is truly a third
felony offender at the very least. The documentary evidence he
submitted establishes that fact.[1] Under the rule of law
enunciated in Townley, supra, the Louisiana Department of

---

[1] During the habitual offender adjudication, the State offered evidence
to establish plaintiff's status as a second felony offender, namely his
current conviction for aggravated battery, and, his previous 1992 conviction
for purse snatching in the First Judicial District Court [rec. doc. 1-3, p.
19]; in addition, the prosecutor remarked that plaintiff had also been
previously convicted of manslaughter, a fact that plaintiff admitted. [Id.,
pp. 19-20]

Page 10

Corrections was authorized to classify him as a third offender
and thus deny parole eligibility. Thus, plaintiff's claim is
factually frivolous. See Brown v. Louisiana State Dept. of
Corrections, 2008 WL 1743895 at *1 (unpublished) (5th Cir.
2008) ("Brown argues that the defendants ... have erroneously
classified him as a fourth felony offender, a determination which
has rendered him ineligible for parole. The Louisiana Supreme
Court, however, has held that the Department is not bound by a
court's habitual offender adjudication in calculating parole
eligibility. Townley v. Dep't of Public Safety & Corr., 681 So.2d
951, 953 (La.1996). Because Brown's civil rights action is
factually frivolous, the district court's judgment is
affirmed."); Townley v. Rader, 161 F.3d 7 (5th Cir.
1998) (unpublished) ("In his civil rights action, James R. Townley
(# 106693) alleged that defendant Cynthia Hebert had erroneously
classified him as having three felony convictions, a
determination which rendered him ineligible for parole. The
Louisiana Supreme Court has held to the contrary. See Townley v.
Department of Pub. Safety and Corrections, 681 So.2d 951, 952-53
(La.1996). Because Townley's civil rights action is factually
frivolous, the district court's order of dismissal is
AFFIRMED.")[2]

_____

[2] To the extent that plaintiff may assert that his plea agreement was
breached or that his plea was not a knowing and voluntary waiver of rights,
such a claim would be more appropriately raised in a petition for writ of
habeas corpus since pursuant to 28 U.S.C. §2254, since, if established, such a

Therefore

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana ~~June 2, 2008~~

---

claim might result in his conviction and sentence being vacated. Plaintiff is advised, however, that such claims must be filed in the division where the conviction occurred, and may not be considered until all state court remedies are exhausted.

2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE